IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01824-WYD-KLM

LILIA E. GARCIA,

    Plaintiff,

v.

IRS, INTERNAL REVENUE SERVICE,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiff's Amended Complaint** [Docket No. 14[1]; Filed August 30, 2012] (the "Motion to Strike"), Defendant's **Motion for a More Definite Statement** [#10 of 12-cv-02482-WYD-KLM; Filed October 4, 2012] and Defendant's **Motion to Convert Scheduling/Planning Conference into Status Conference** [#58; Filed October 29, 2012] ("Motion to Convert"). Plaintiff has filed an **Answer to Motion of [sic] Strike Plaintiff's Amended Complaint** [#17; Filed September 13, 2012] ("Response to Motion to Strike"). In response to the Motion for a More Definite Statement, Plaintiff has filed a **Motion to Denie** [sic] [#19 of 12-cv-02482-WYD-KLM; Filed October 9, 2012] ("Response to Motion for a More Definite Statement"). Plaintiff has not, as of the date of this Order, filed a response to the Motion to Convert. Defendant has not filed a reply in support of either the Motion to Strike or the Motion for a More Definite Statement.

---

[1] Unless otherwise indicated, the referenced docket number corresponds to Case No. 12-cv-01824-WYD-KLM, the controlling case number following the District Judge's consolidation order. See Order [#32] (granting motion to consolidate).

**I.     BACKGROUND**

Plaintiff initiated this case (12-cv-01824-WYD-KLM) by filing a *pro se* Complaint in County Court, Adams County, Colorado. [#5]. After the case was removed to federal court [#1], this Court granted Defendant's Motion for a More Definite Statement [#7] and directed Plaintiff to file an Amended Complaint. [#12]. Plaintiff filed an Amended Complaint on August 24, 2012. [#13]. Soon thereafter, on August 30, 2012, Defendant filed the instant Motion to Strike. [#14].

On September 14, 2012, Plaintiff filed a Complaint in County Court, Denver County, Colorado, against the same Defendant raising similar, if not identical, claims. [#3 of 12-cv-02482-WYD-KLM]. Defendant removed the case to federal court and moved for consolidation with the earlier filed case. [#1 and #5 of 12-cv-02482-WYD-KLM]. Defendant also filed the instant Motion for a More Definite Statement. [#10 of 12-cv-02482-WYD-KLM] The District Court granted the Motion to Consolidate in an Order issued on in October 11, 2012 and directed all pleadings and other filings to be filed in Case No. 12-cv–01824-WYD-KLM. [#23 of 12-cv-02482-WYD-KLM and #32 of 12-cv-01824-WYD-KLM].

**II.    ANALYSIS**

    **A.     Motion to Strike**

Defendant argues that Plaintiff's Amended Complaint [#13] should be stricken because it fails to set forth any facts to support its alleged violations of federal statutes. [#14] at 2. Defendant contends that although Plaintiff identifies federal statutes that she claims have been violated, including the Family Medical Leave Act, the Americans with Disabilities Act and the Equal Pay Act, among others, she presents no facts to support the alleged violations. *Id.* Defendant argues that the one-page Amended Complaint fails to

2

allege: 1) any acts of Defendant that violated the statutes, any employees of Defendant who violated the statutes, 3) the date or time period when the alleged violations occurred, and 4) the harm caused to Plaintiff by Defendant's conduct. *Id.* at 3.

Attached to Plaintiff's Amended Complaint are 92 pages of exhibits. [#13]. Defendant argues that it is "not required to cull through over 90 pages of documents to attempt to determine the factual and legal basis for Plaintiff's alleged claims." [#14] at 2. Defendant contends that absent any factual allegations, Plaintiff's Amended Complaint should be stricken because it fails to comply with Fed. R. Civ. P. 8 and with this Court's prior Minute Order [#12] granting Defendant's Motion for a More Definite Statement. *Id.* at 4.

Plaintiff's Response to Motion to Strike [#17] is indecipherable. She identifies numerous rules, regulations and statutes but offers either no facts or extremely vague facts in an attempt to support her claims. [#17] at 2-5. The Response serves only to confuse matters and offers no clarification of her claims or any basis to deny the Motion to Strike. *See id.*

Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing the pleader is entitled to relief." Similarly, to survive a Rule 12(b)(6) motion for failure to state a claim, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [her] claims across the line from conceivable to plausible."

*Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

Moreover, the Court must construe the filings of a *pro se* litigant liberally. *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [the *pro se* litigant's] complaint or construct a legal theory on [his or her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, *pro se* litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Here, construing Plaintiff's Amended Complaint liberally, the Court finds that it fails to satisfy even the basic standards of Rule 8(a) and the standards for stating a claim under Rule 12(b)(6). The Amended Complaint lists several alleged violations of federal statutes but presents no facts whatsoever to support the violations. It contains nothing about who allegedly violated the statutes, the conduct that was allegedly unlawful, the harm allegedly

4

caused or the relief being sought. Moreover, as Defendant argues, it is neither Defendant's nor the Court's responsibility to go through the numerous exhibits attached to the Amended Complaint to decipher whether they provide sufficient facts to support the alleged statutory violations. For these reasons, the Motion to Strike is **GRANTED**.

### B.      Motion for a More Definite Statement

Defendant seeks a more definite statement pursuant to Fed. R. Civ. P. 12(e) from Plaintiff on the basis that the Complaint [#3 of 12-cv-02482-WYD-KLM] submitted by Plaintiff fails to comply with Rule 8(a). [#10 of 12-cv-02482-WYD-KLM] at 2. Defendant argues that it is unable to file an answer or otherwise respond to the Complaint in its present form. *Id.*

Plaintiff appears to oppose the motion in her one-page Response to Motion for a More Definite Statement, though her argument is indecipherable. [#19 of 12-cv-02482-WYD-KLM]. She attaches twenty pages to her Response but fails to explain how they support her opposition to the motion. *See id.*

A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court. *Daley v. Reg'l Transp. Dist.*, 142 F.R.D. 481, 485 n.3 (D. Colo. 1992). As such, it is rarely granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it. *Greater N.Y. Auto. Dealers Ass'n v. Env't Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted).

Here, however, the Court has examined Plaintiff's one-page Complaint, which is handwritten on a pre-printed form from a Colorado state court, and agrees with Defendant that the Complaint fails to comply with Rule 8(a) and that Defendant would be prejudiced in its attempt to answer it. Plaintiff seeks $10,000.00 from Defendant for alleged violations

5

of "Labor Law, equal pay act, [and] FMLA" among other laws. [#3 of 12-cv-02482-WYD-KLM]. She also alleges discrimination and harassment. *Id.* Although she identifies several individuals by name, she fails to allege specific conduct by any of these individuals or allege how their conduct caused her harm. *See id.* Without sufficient factual support, Defendant is unable to meaningfully answer or defend against the allegations. Accordingly, Defendant's Motion for a More Definite Statement is **GRANTED**.

Having granted Defendant's Motion to Strike the Amended Complaint in 12-cv-01824-WYD-KLM and Defendant's Motion for a More Definite Statement in 12-cv-02482-WYD-KLM, the Court will grant Plaintiff one final opportunity to submit a Second Amended Complaint, to be filed in 12-cv-01824-WYD-KLM only, that complies with Rule 8(a) and satisfies the requirements to state a claim for relief. The Second Amended Complaint shall set forth allegations of Defendant's conduct and the specific legal right this conduct violates. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). It must provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* "[T]o state a claim in federal court, [Plaintiff's Second Amended Complaint] must explain what each defendant did to . . . her; when the defendant did it; how the defendant's actions harmed . . . her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163. In addition, the Amended Complaint must either be typewritten or written in legible handwriting. In the event that Plaintiff's Second Amended Complaint fails to satisfy these standards, it may be subject to dismissal. Because the two cases filed by Plaintiff have been consolidated, Plaintiff's Second Amended Complaint should include any claims she intended to raise in each of the two cases.

### C. Motion to Convert

Lastly, Defendant requests that the Scheduling Conference set for November 8, 2012 be converted to a Status Conference to clarify the current status of the consolidated cases. [#58] at 3. In light of the Court's rulings on the instant motions, the Court sees no need for a Status Conference at this time. The Court will, however, vacate the Scheduling Conference and re-set it, if necessary, after Plaintiff files a Second Amended Complaint in compliance with this Order.

### III. CONCLUSION

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion to Strike [#14] and the Motion for a More Definite Statement [#10 of 12-cv-02482-WYD-KLM] are **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiff is granted leave to file a Second Amended Complaint **on or before November 21, 2012**. Failure to file a Second Amended Complaint by that date or satisfy the standards set forth in this Order for presenting claims may result in a recommendation for dismissal of this action.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for November 8, 2012 is **VACATED**. The Court will re-set the Scheduling Conference, if necessary, after Plaintiff files a Second Amended Complaint in compliance with this Order.

Dated: November 1, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge