IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01824-WYD-KLM

LILIA E. GARCIA,

    Plaintiff,

v.

IRS, INTERNAL REVENUE SERVICE,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Order to Show Cause** [Docket No. 94] issued on December 12, 2012, in which the Court ordered Plaintiff to show cause why her case should not be dismissed for failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).  On December 27, 2012, Plaintiff filed an "Answer to order to Show case [sic] and Motion to request a Hearing" [#97] (the "First Response") and on February 11, 2013, Plaintiff filed a "Motion to Request Hiring [sic] Show Cause" [#120] (the "Second Response").[1]  As the Court sets forth below, Plaintiff has failed to comply with the Court's order to file a Second Amended Complaint that complies with Fed. R. Civ. P. 8 and states a claim for relief.  *See* [#63] at 6.  Moreover, neither the First Response nor the Second Response show good cause for Plaintiff's failure to file a proper Second

---

[1] In addition to the First Response and the Second Response, Plaintiff filed twenty-eight other documents between December 20, 2012 and February 13, 2013, most of which are simply titled "Exhibit B."  *See* [## 95-96, 98-119, and 121-122].  The purpose of these filings, many of which contain dozens of pages of what appear to be business records, is unclear to the Court.

Amended Complaint and prosecute the case.

Because Plaintiff is proceeding *pro se*, the Court has given Plaintiff multiple opportunities to prosecute her case. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court is not Plaintiff's advocate and must nevertheless recommend dismissal if circumstances warrant that outcome. *See Hall*, 935 F.3d at 1110. For the reasons provided below, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** as a sanction pursuant to Fed. R. Civ. P. 41(b).

## I. Background

Plaintiff initiated this case (12-cv-01824-WYD-KLM) by filing a *pro se* Complaint in County Court, Adams County, Colorado. [#5]. After the case was removed to federal court [#1], this Court granted Defendant's Motion for a More Definite Statement [#7] and directed Plaintiff to file an Amended Complaint. [#12]. In granting Defendant's motion, the Court found that Plaintiff's Complaint [#5] was "virtually illegible." [#12]. Plaintiff filed an Amended Complaint on August 24, 2012. [#13].

On September 14, 2012, Plaintiff filed a Complaint in County Court, Denver County, Colorado, against the same Defendant raising similar, if not identical, claims. [#3 of 12-cv-02482-WYD-KLM]. Defendant removed the case to federal court and moved for consolidation with the previously filed case. [#1 and #5 of 12-cv-02482-WYD-KLM]. The District Court granted the Motion to Consolidate in an Order issued on October 11, 2012 and directed all pleadings and other filings to be filed in Case No. 12-cv–01824-WYD-KLM. [#23 of 12-cv-02482-WYD-KLM and #32 of 12-cv-01824-WYD-KLM].

In an Order issued on November 1, 2012, the Court granted Defendant's motion to strike Plaintiff's Amended Complaint. [#63] at 5. The Court stated:

> Here, construing Plaintiff's Amended Complaint liberally, the Court finds that it fails to satisfy even the basic standards of Rule 8(a) and the standards for stating a claim under Rule 12(b)(6). The Amended Complaint lists several alleged violations of federal statutes but presents no facts whatsoever to support the violations. It contains nothing about who allegedly violated the statutes, the conduct that was allegedly unlawful, the harm allegedly caused or the relief being sought. Moreover, as Defendant argues, it is neither Defendant's nor the Court's responsibility to go through the numerous exhibits attached to the Amended Complaint to decipher whether they provide sufficient facts to support the alleged statutory violations. For these reasons, the Motion to Strike is **GRANTED**.

[#63] at 4-5. The Court further granted Plaintiff "one final opportunity" to file a Second Amended Complaint on or before November 21, 2012 that complied with Fed. R. Civ. P. 8 and stated a claim for relief. [#63] at 6.

Although Plaintiff filed numerous motions and other documents after the Court issued its November 1 Order, she failed to file a proper Second Amended Complaint. *See* [## 67, 69-71, 73-90]. As a result, the Court issued the Order to Show Cause [#94] on December 20, 2012. The Order to Show Cause clearly warned Plaintiff that the Court would recommend dismissal of this action absent a showing of good cause for failing to comply with the Court's order to prosecute the case by filing a proper Second Amended Complaint. [#94] at 3.

In the First Response, Plaintiff requests a hearing but she provides no explanation or justification for her failure to file a proper Second Amended Complaint. [#97]. Plaintiff includes citations to statutes that have no bearing on her case. For example, in the first paragraph, Plaintiff claims she is entitled to a hearing to prevent harmless error pursuant to 28 U.S.C. § 2111. [#97] at 1. However, that provision, entitled "Harmless error," applies

to "the hearing of any appeal or writ of certiorari in any case" and provides that "the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." 28 U.S.C. § 2111. Plaintiff's case is neither on appeal nor subject to a writ of certiorari. Thus, the statute is inapplicable. Nothing in Plaintiff's First Response shows good cause for her failure to comply with the Court's order to file a proper Second Amended Complaint. *See* [#97].

In the Second Response, Plaintiff references her First Response and again requests a hearing. [#120] at 1. She lists several alleged statutory violations and complaints regarding her employment but she again presents nothing to show good cause for her failure to comply with the Court's order to file a proper Second Amended Complaint. *See* [#97].

## II. Findings

The Court finds here that Plaintiff has failed to prosecute her case. Although she has filed dozens of documents, there is still no operative complaint in this action even though it has been pending in federal court since July 2012. After her First Amended Complaint was stricken, Plaintiff was directed to file a proper Second Amended Complaint. When she failed to do that, she was ordered to show cause why the case should not be dismissed for failure to comply with the Court's order, which she also has not done. Thus, Plaintiff has failed to comply with at least two Court orders. *See* [## 63, 94].

## III. Analysis

Given Plaintiff's conduct, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b). *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to

consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2] The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996). "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921). Given that Plaintiff is proceeding *pro se*, the Court must carefully conduct its analysis and consider whether "some sanction other than dismissal [is appropriate], so that the party does not unknowingly lose [her] right of access to the courts . . . ." *Nasious v. Two Unknown BICE Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 920 n.3).

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same. *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

### A.     Prejudice to Defendants

The Court finds that Plaintiff's failure to file a proper complaint has prejudiced Defendant.  Defendant has defended the lawsuit in good faith and submitted appropriate motions in response to Plaintiff's deficient pleadings.  *See* [## 7, 14].  Allowing the case to proceed when Plaintiff has repeatedly failed to file a complaint that complies with Rule 8, and where there remains no operative complaint, would require Defendant to expend further unnecessary time and expense to defend against this action.  This factor weighs in favor of dismissal.

### B.     Interference with the Judicial Process

The Court concludes that Plaintiff's failure to prosecute her case, and specifically her failure to comply with the Court's order to submit a proper Second Amended Complaint, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  Plaintiff's failure to file a proper Second Amended Complaint, combined with her submission of dozens of lengthy and irrelevant filings, demonstrates a lack of respect for the Court and the judicial process.  *See e.g.* [## 77-89, 99-119].  In particular, Plaintiff's actions have caused the Court and its staff to expend unnecessary time and effort reviewing irrelevant filings to determine if any could be construed as a Second Amended Complaint.  Plaintiff's actions have increased the workload of the Court and taken its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006

WL 2850273, at *7 (D. Kan. Oct. 4, 2006). This factor weighs in favor of dismissal.

### C. Culpability of Plaintiff

By failing to file a Second Amended Complaint as directed, Plaintiff has disregarded her case responsibilities and failed to move her case forward. The Court has provided Plaintiff with ample opportunities and time to litigate her case, but instead of moving her case forward by filing a proper Second Amended Complaint, Plaintiff has instead continued to submit unnecessary and largely incomprehensible filings. As a voluntary *pro se* litigant, it is solely Plaintiff's responsibility to ensure that she complies with case deadlines, Court Orders and applicable rules. *See, e.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). By submitting multiple unnecessary filings while failing to submit a Second Amended Complaint, the Court must conclude that Plaintiff's actions have been willful, and that she is therefore responsible for her own noncompliance. This factor weighs in favor of dismissal.

### D. Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court that she risked dismissal of her case if she failed to file a Second Amended Complaint or comply with Court orders. *See, e.g.*, [#63] at 7; [#94] at 3. Although this factor cannot be said to weigh in favor of or against dismissal, where other factors support dismissal, the Court's efforts to advise Plaintiff of the potential for dismissal in this case do not prevent this result.

### E. Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective. Although Plaintiff is proceeding *pro se*, that does not excuse her failure to file a proper

Second Amended Complaint, especially in light of all the other filings she has submitted. *See Green*, 969 F.2d at 917. "There is a limit to how many bites even a pro se plaintiff can have at the apple...." *Fuentes v. Chavez*, 314 F. App'x 143, 145 (10th Cir. 2009). In addition, the Court doubts that a monetary or evidentiary sanction would be practical or effective, nor would such a sanction bear a substantial relationship to Plaintiff's failure to prosecute her case. Moreover, the case cannot continue where there is no operative complaint. It appears that Plaintiff is either no longer interested in complying with the Court's orders or that she is unwilling or unable to prosecute her claims. Either way, the Court finds that under these circumstances no lesser sanction is warranted and dismissal is the appropriate result.

### F.    Requests for a Hearing

Finally, Plaintiff presents, and the Court finds, no valid basis to set a hearing in this matter as requested by Plaintiff in the First Response and the Second Response. [##97 and 120]. Absent a valid reason to hold a hearing, Plaintiff's request is **DENIED**.

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiff's case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that the Order to Show Cause [#94] is made **ABSOLUTE**.

IT IS FURTHER **ORDERED** that Plaintiff's Motion to Request a Hearing [#97] is **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 22, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge