IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-01824-WYD-KLM

LILIA E. GARCIA,

    Plaintiff,

v.

IRS, Internal Revenue Service,

    Defendant.

_____

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

THIS MATTER is before the Court on plaintiff, Lilia E. Garcia's, Answer To Order To Show Cause And Motion To Request A Hearing [ECF No. 97]. Because Garcia proceeds *pro se*, I referred all motions to Magistrate Judge Mix [ECF No. 9]. On March 22, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 124] stating that Garcia's motion [ECF No. 97] should be denied and her claims should be dismissed with prejudice for failure to prosecute and failure to comply with court orders. The Recommendation [ECF No. 124] is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. For the reasons stated below, the Recommendation [ECF No. 124] is AFFIRMED and ADOPTED, and Garcia's claims are DISMISSED WITH PREJUDICE.

**BACKGROUND**

On August 24, 2012, plaintiff, Lilia E. Garcia, filed an Amended Complaint [ECF No. 13] against defendant, the Internal Revenue Service ("IRS"), alleging *inter alia*,

violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Equal Pay Act of 1963, 29 U.S.C. § 206, *et seq.*[1]

On August 30, 2012, the IRS filed a Motion To Strike Plaintiff's Amended Complaint [ECF No. 14]. On November 1, 2012, Magistrate Judge Mix issued an Order [ECF No. 63] granting the IRS's motion [ECF No. 14] and granting Garcia leave to file a Second Amended Complaint on or before November 21, 2012. Magistrate Judge Mix stated in her Order that "[f]ailure to file a Second Amended Complaint by that date or satisfy the standards set forth in this Order for presenting claims may result in a recommendation for dismissal of this action." ECF No. 63, p. 7. Garcia never filed a Second Amended Complaint. On December 20, 2012, Magistrate Judge Mix issued an Order To Show Cause [ECF No. 94] ordering Garcia to show good cause in writing why this action should not be dismissed for failure to prosecute and comply with court orders. Magistrate Judge Mix stated in the Order that "[f]ailure to respond and show good cause for Plaintiff's failure to prosecute this case will result in the Court issuing a recommendation to dismiss Plaintiff's action." ECF No. 94, p. 3.

On December 27, 2012, Garcia filed an Answer To Order To Show Cause And Motion To Request A Hearing [ECF No. 97]. In her motion, Garcia fails to address why this action should not be dismissed. Rather, Garcia requests a hearing "in order to prevent harmless error" and cites irrelevant authority in support of her hearing request. ECF No. 97, p. 1. Subsequent to filing that motion, Garcia filed 25 irrelevant documents labeled as "Exhibits." *See* ECF Nos. 98-122. Some of the Exhibits are illegible, and

---

[1] Per my October 11, 2012, Order [ECF No. 32], this case is consolidated with case number 12-cv-02482-WYD-KLM, in which Garcia filed suit against the IRS and asserts similar claims.

those that are legible do not respond to Magistrate Judge Mix's Order To Show Cause [ECF No. 94]. On March 22, 2013, Magistrate Judge Mix issued a Recommendation [ECF No. 124] stating that Garcia's Answer To Order To Show Cause And Motion To Request A Hearing [ECF No. 97] should be denied and Garcia's claims should be dismissed with prejudice for failure to prosecute and failure to comply with court orders. As of Monday, July 15, 2013, no party has filed objections to Magistrate Judge Mix's Recommendation.[2]

## ANALYSIS

Because the parties did not file objections to Magistrate Judge Mix's Recommendation [ECF No. 124], I am vested with discretion to review it "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[3] Advisory Committee Notes to Rule 72(b) of the FEDERAL RULES of CIVIL PROCEDURE.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find that Magistrate Judge Mix's Recommendation is

---

[2] Subsequent to Magistrate Judge Mix issuing her Recommendation [ECF No. 124], Garcia filed 27 documents labeled "Exhibits." *See* ECF Nos. 126-152. However, none of the documents contain objections to the Recommendation [ECF No. 124].

[3] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a *de novo* review, FED. R. CIV. P. 72(b).

thorough, well-reasoned, and sound. Further, I agree that Garcia's Answer To Order To Show Cause And Motion To Request A Hearing [ECF No. 97] should be denied and that her claims should be dismissed with prejudice.

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Magistrate Judge Mix's Recommendation [ECF No. 124] is **AFFIRMED** and **ADOPTED**. As such, it is

FURTHER ORDERED that Garcia's Answer To Order To Show Cause And Motion To Request A Hearing [ECF No. 97] is **DENIED**. It is

FURTHER ORDERED that pursuant to FED. R. CIV. 41(b), Garcia's claims against the IRS are **DISMISSED WITH PREJUDICE** for failure to prosecute and failure to comply with court orders.[4]

Dated: July 15, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge

---

[4] FED. R. CIV. P. 41(b) states, in pertinent part, [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Rule [41(b)] has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute . . . " *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).